IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40552
Summary Calendar

_____


DONALD WATSON,

Plaintiff-Appellant,

versus

THIRD SHIPMORE ASSOCIATES;
MARITIME OVERSEAS CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas, Beaumont
1-96-CV-637

_____

May 27, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

This appeal arises from a negligence action under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b) ("LHWCA"). The appellant, Donald Watson, a ship repairman, brought suit against Third Shipmore Associates and the Maritime Overseas Corporation for injuries he sustained during a slip and fall on the gangway of the M/V OVERSEAS NEW YORK, on February 4, 1996.[1]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Third Shipmore Associates and the Maritime Overseas Corporation are the owners and operators of the vessel.

Watson broke the tibia and fibula bones in his left leg.  The district court concluded that the defendants negligently permitted ice from the sleet and freezing rain to accumulate on the gangway and handrails of the vessel, and that such negligence was the proximate cause of Watson's injuries.  The district court awarded Watson $175,000 in damages, but reduced the award to $17,500, plus prejudgment interest, on the grounds that Watson's individual negligence contributed ninety percent to his injuries.  For the following reasons, we affirm.

On appeal, Watson argues that the district court erred in finding him ninety percent contributorily negligent, as there exists no evidence that he did not exercise reasonable care in walking up the gangway.  Neither Third Shipmore Associates nor the Maritime Overseas Corporation appeal the district court's finding of liability.  Both contend, however, that the district court properly applied the comparative fault principles under the LHWCA.

The district court's apportionment of fault, based on the respective negligence of the parties, is a factual finding that we review for clear error.  See Manuel v. Cameron Offshore Boats, Inc., 103 F.3d 31, 33 (5th Cir. 1997); Forrester v. Ocean Marine Indem. Co., 11 F.3d 1213, 1216 (5th Cir. 1993).  Thus, we will not upset a district court's finding of contributory negligence unless we are left with a definite and firm conviction that a mistake has been made.  See Reich v. Lancaster, 55 F.3d 1034, 1045 (5th Cir. 1995) (citations omitted).

After a careful review of the record, and after thorough consideration of the arguments raised by the parties on appeal, we are more than satisfied that the district court did not err in finding Watson ninety percent at fault for his slip and fall. Regarding Watson's contributory negligence, the district court made the following factual findings: (1) at the time of Watson's accident aboard the M/V OVERSEAS NEW YORK, it was sleeting and freezing rain; (2) the ice on the gangway where Watson fell was both open and obvious; (3) the gangway was properly lighted, and it also had non-skid threads; (4) Watson, however, was intoxicated at the time of his fall; (5) he also wore improper footwear aboard the vessel--cowboy boots with smooth leather soles; and (6) he failed to use proper causation when boarding the vessel.

Watson also testified that prior to his fall he consumed approximately five or more alcoholic beverages. Indeed, Watson's medical records indicate that he remained drowsy due to the effects of the alcohol for some three hours after the accident. Watson further testified that he knew that the gangway would be icy, and that he was aware that the gangway would be slippery. Finally, Watson, who had approximately fourteen years of experience in ship maintenance and repair, also knew that the gangway was constructed of steel. Notwithstanding his knowledge of these risks, the record is clear that Watson voluntarily proceeded up the gangway wearing only slick-soled cowboy boots. We agree with the district court that in doing so, Watson proceeded at his peril.

In sum, we find that the evidence amply supports the district court's conclusion that Watson was ninety percent contributorily negligent.  Therefore, the judgment of the district court, in all aspects, is

A F F I R M E D.

4